IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN KEITH DONOGHUE,

        Petitioner,        Civil No. 09-512-TC

        v.                     FINDINGS AND
                                     RECOMMENDATION

MARK NOOTH,

        Respondent.

COFFIN, Magistrate Judge.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254, challenging his convictions for Manslaughter in the First Degree, Manslaughter in the Second Degree and Assault in the Second Degree.

Respondent moves to dismiss the petition without prejudice on the grounds that petition has not exhausted state court remedies with respect to his claims. Motion to dismiss (#8). Petitioner has not responded to respondent's motion.

The record reflects that petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed after

1 - FINDINGS AND RECOMMENDATION

remanding for merging and re-sentencing. State v. Donoghue, 218 Or. App. (2008), and the Oregon Supreme Court denied review. 345 Or. 618 (2009).

Petitioner filed a pro se petition for post-conviction relief in Donoghue v. Nooth, Malheur County Circuit Case No. 09-05-7364 on May 27, 2009, but the case is in the early stags and a judgment has not yet been issued. Motion To Dismiss (#8) attachment B.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982).

Petitioner's pending state [post-conviction proceeding constitutes an unexhausted state court remedy. Accordingly, Respondent's (unopposed) motion to dismiss (#8) should be allowed. Petitioner's Petition (#2) should be denied without prejudice to re-file after petitioner has exhausted state court remedies. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

2 - FINDINGS AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 10th day of August, 2009.

_____
Thomas M. Coffin
United States Magistrate Judge

3 - FINDINGS AND RECOMMENDATION